# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHELE DAWN COATS AND** | § | |
| **MICHAEL COATS** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **NATIONAL CARRIERS, INC. AND** | § | |
| **GEORGE LEWIS** | § | |
| *Defendants.* | § | |

<u>**INDEX OF STATE COURT FILE**</u>

The following is an index identifying each state court document and the date in which each document was filed in the County Court at Law No. 4, Dallas County, Texas.

| **EXHIBIT** | **DATE** | **DOCUMENT** |
|---|---|---|
| **2** | | State Court File |
| **2a** | 09/02/2021 | Docket Sheet |
| **2b** | 08/31/2021 | Plaintiffs' Original Petition |
| **2c** | 08/31/2021 | Letter to Court Requesting Citation |
| **2d** | 08/31/2021 | Unserved Citation to George Lewis |

# EXHIBIT 2a

## Case Information

CC-21-03633-D | MICHELLE DAWN COATS, MICHAEL COATS vs. NATIONAL CARRIERS, INC., GEORGE LEWIS

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-21-03633-D | County Court at Law No. 4 | ROSALES, PAULA |
| File Date | Case Type | Case Status |
| 08/31/2021 | DAMAGES (COLLISION) | OPEN |

## Party

PLAINTIFF
COATS, MICHELLE DAWN

Active Attorneys ▾
Lead Attorney
GOUDARZI, BRENT
Retained

PLAINTIFF
COATS, MICHAEL

Active Attorneys ▾
Lead Attorney
GOUDARZI, BRENT
Retained

DEFENDANT
NATIONAL CARRIERS, INC.

Address
C/O REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201-3136

DEFENDANT
LEWIS, GEORGE

Address
456 COUNTY ROAD 84
LAVONIA GA 30553

## Events and Hearings

08/31/2021 NEW CASE FILED (OCA)

08/31/2021 ORIGINAL PETITION ▼

PLAINTIFFS' ORIGINAL PETITION

08/31/2021 CIVIL CASE INFORMATION SHEET ▼

CITATION REQUEST

Comment
CITATION REQUEST

08/31/2021 ISSUE CITATION ▼

CITATION 2012

Comment
ENV#56901310

08/31/2021 SERVICE - CERTIFIED / REGISTERED MAIL ▼

Comment
CRM #9414 8149 0238 8738 2760 08 FOR NATIONAL CARRIERS, INC.

09/02/2021 CITATION (SERVICE)▼

Unserved

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Unserved

Anticipated Server
ATTORNEY

Anticipated Method

## Financial

COATS, MICHELLE DAWN

|  |  | Total Financial Assessment | | $359.00 |
|  |  | Total Payments and Credits | | $359.00 |

| 8/31/2021 | Transaction Assessment | | | $359.00 |
| 8/31/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-08947 | COATS, MICHELLE DAWN | ($359.00) |

## Documents

PLAINTIFFS' ORIGINAL PETITION

CITATION REQUEST

CITATION 2012

# EXHIBIT 2b

FILED
8/31/2021 9:53 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. __CC-21-03633-D__

| | | |
|---|---|---|
| MICHELE DAWN COATS | § | IN THE COUNTY COURT |
| AND MICHAEL COATS | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| | § | |
| NATIONAL CARRIERS, INC., | § | |
| AND GEORGE LEWIS | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, MICHELE DAWN COATS and MICHAEL COATS, hereinafter called Plaintiffs, complaining of NATIONAL CARRIERS, INC. and GEORGE LEWIS, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

### I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

### II.

Venue is proper in Dallas County pursuant to Chapter 15, Texas Civil Practice and Remedies Code in that this is the county of Defendant NATIONAL CARRIERS, INC.'s principal office in this state.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages within the jurisdictional limits of the statutory county courts of Dallas County, Texas.

---

Plaintiffs' Original Petition                                                                 Page 1

### PARTIES AND SERVICE

### III.

Plaintiff, MICHELE DAWN COATS, resides in Whitefield, Oklahoma. The last three digits of Plaintiff's driver's license number are 104. The last three digits of Plaintiff's social security number are 771.

Plaintiff, MICHAEL COATS, resides in Whitfield, Oklahoma. The last three digits of Plaintiff's driver's license number are 924. The last three digits of Plaintiff's social security number are 275.

Defendant, NATIONAL CARRIERS, INC., is a corporation organized under the laws of the State of Kansas, engages in business in the State of Texas, and has its principal office and principal place of business at 3925 Carbon Rd, Irving, Texas 75038, in Dallas County, Texas. Defendant may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, by certified mail, return receipt requested, issued by the Clerk of this Court.

Defendant, GEORGE LEWIS, resides at 456 County Road 84, Lavonia, Georgia 30553, and may be served with process at this address or wherever he may be found.

### FACTS AND CAUSES OF ACTION

### IV.

At approximately 1:25 p.m. on October 26, 2020, Plaintiff, MICHELE DAWN COATS, was traveling in a 2010 Ford Expedition, southbound on U.S. Highway 69, in the inside lane, slowing down to turn into a private drive, in Savanna, Pittsburg County, Oklahoma. Defendant, GEORGE LEWIS, was operating a 2020 Kenworth tractor, owned and/or leased by Defendant, NATIONAL CARRIERS, INC., southbound on U.S. Highway 69, in the inside lane, and

following behind Plaintiff, MICHELE DAWN COATS. As Plaintiff slowed down began to turn left into a private drive, suddenly and without warning, Defendant, GEORGE LEWIS, failed to control the speed of his vehicle and struck Plaintiff MICHELE DAWN COATS's vehicle, subjecting Plaintiff, MICHELE DAWN COATS, to tremendous force.

V.

Defendant, GEORGE LEWIS, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.  Violating 47 O.S. § 11-310, which reads, in pertinent part, as follows:

    (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

2.  Violating 47 O.S. § 11-801, which reads, in pertinent part, as follows:

    A. Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead.

3.  Failing to keep a proper lookout;
4.  Failing to timely apply brakes;
5.  Failing to control the vehicle;
6.  Failing to act and/or respond in a reasonable manner; and
7.  Failing to control the speed of the vehicle.

Defendant GEORGE LEWIS's conduct on the occasion in question violated 47 O.S. §11-310 by following Plaintiff, MICHELE DAWN COATS, more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition

of the highway. Defendant, GEORGE LEWIS, failed to follow Plaintiff, MICHELE DAWN COATS, at a distance that was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway, as would have been necessary to avoid colliding with Plaintiff MICHELE DAWN COATS's vehicle while Plaintiff, MICHELE DAWN COATS, was traveling on U.S. Highway 69 in compliance with Oklahoma law and the duty of each person to use due care.

47 O.S. §11-310 was designed to protect motorists traveling on the highway who are being followed by motor vehicle operators. Plaintiff, MICHELE DAWN COATS, is within the class of persons protected by the statute.

Defendant GEORGE LEWIS's conduct on the occasion in question violated 47 O.S. §11-801 by failing to drive his motor vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, as would have been necessary to avoid colliding with Plaintiff MICHELE DAWN COATS's vehicle while Plaintiff, MICHELE DAWN COATS, was traveling on U.S. Highway 69 in compliance with Oklahoma law and the duty of each person to use due care. Defendant GEORGE LEWIS's conduct on the occasion in question further violated 47 O.S. §11-801 by failing to drive his vehicle upon the highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead, as would have been necessary to avoid colliding with Plaintiff MICHELE DAWN COATSs vehicle while Plaintiff, MICHELE DAWN COATS, was traveling on U.S. Highway 69 in compliance with Oklahoma law and the duty of each person to use due care.

47 O.S. §11-801 was designed to protect motorists traveling on the highway. Plaintiff, MICHELE DAWN COATS, is within the class of persons protected by the statute.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant, NATIONAL CARRIERS, INC., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendant NATIONAL CARRIERS, INC.'s independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, GEORGE LEWIS;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399. O.A.C. § 595:35 et seq.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendant, NATIONAL CARRIERS, INC., was guilty of negligent entrustment and knew or should have known that Defendant, GEORGE LEWIS, was a negligent and reckless driver.

VIII.

Defendant NATIONAL CARRIERS, INC., or its agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendant NATIONAL CARRIERS INC., knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiffs' protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiffs or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's' risk of harm.

IX.

Defendant, NATIONAL CARRIERS, INC., is liable for the damages proximately caused to Plaintiffs by the conduct of Defendant, GEORGE LEWIS, in that Defendant, NATIONAL CARRIERS, INC., was the employer of Defendant, GEORGE LEWIS, on the date that Defendant, GEORGE LEWIS, negligently injured Plaintiff, as alleged above, and Defendant, GEORGE LEWIS, was acting within the course and scope of that employment when that injury occurred or Defendant, NATIONAL CARRIERS, INC., had the right to control the activities of Defendant, GEORGE LEWIS.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages. Furthermore, Defendants authorized the doing and the manner of the acts or omissions. Defendant NATIONAL CARRIERS, INC., recklessly employed an unfit agent and/or employee, in Defendant, GEORGE LEWIS who was acting in

the scope of employment when he committed the acts or omissions.

## DAMAGES FOR PLAINTIFFS

### XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and

Defendants' acts as described herein, Plaintiffs were caused to suffer and to endure anxiety, pain,

and illness resulting in damages more fully set forth below. As a direct and proximate result of

the occurrence made the basis of this lawsuit, Plaintiff MICHELE DAWN COATS, has incurred

the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Disfigurement in the past;

J. Disfigurement which, in reasonable probability, will be suffered in the future;

K. Loss of earnings in the past;

L. Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M.    Exemplary damages.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff

MICHAEL COATS, has incurred the following damages:

A.    Loss of companionship and society arising out of the disabling injuries to MICHELE DAWN COATS in the past;

B.    Loss of companionship and society arising out of the disabling injuries to MICHELE DAWN COATS which, in reasonable probability, will be suffered in the future;

C.    Loss of consortium arising out of the disabling injuries to MICHELE DAWN COATS in the past;

D.    Loss of consortium arising out of the disabling injuries to MICHELE DAWN COATS which, in reasonable probability, will be suffered in the future;

E.    Loss of services arising out of the disabling injuries to MICHELE DAWN COATS in the past;

F.    Loss of services arising out of the disabling injuries to MICHELE DAWN COATS which, in reasonable probability, will be suffered in the future;

G.    Exemplary damages.

By reason of the above, Plaintiffs have suffered losses and damages in a sum within the

jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas

Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.00.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray Defendants

be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be

entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within

the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury

through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the

legal rate; costs of court; punitive damages; and such other and further relief to which Plaintiffs

may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: _____

Brent Goudarzi
State Bar No. 00798218
Marty Young
State Bar No. 24010502

ATTORNEYS FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Happney on behalf of J. Goudarzi
Bar No. 00798218
shappney@goudarzi-young.com
Envelope ID: 56809493
Status as of 8/31/2021 12:42 PM CST

Associated Case Party: MICHELLEDAWNCOATS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 8/31/2021 9:53:40 AM | SENT |

# EXHIBIT 2c

FILED
8/31/2021 9:53 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY



LAW OFFICES OF
**GOUDARZI & YOUNG**.LLP
goudarziyounglaw.com

J. BRENT GOUDARZI
MARTY L. YOUNG
KRISTINA PIERCE JOSEPH
THOMAS W. REARDON, JR.
KEVIN J. SIMONS
JEREMY D. ALEMAN
JESSICA ALLEN
R. CLAY KIMBROUGH

3522 FOURTH STREET
LONGVIEW, TEXAS 75605
PH 903-843-2544
FAX 903-843-2026

August 31, 2021

**Via efile**
Mr. John F. Warren
Dallas County Clerk
1201 Elm Street, 21st Floor
Dallas, Texas 75270

> **RE:   No. _____; Michelle Coats and Michael Coats  v.  National Carriers, Inc.; and
> George Lewis;  In the County Court at Law No. ____ for Dallas County, Texas.**

Dear Mr. Warren:

Please find enclosed Plaintiff's Original Petition and Request for Disclosure for filing regarding the above-referenced matter.  Please prepare the following citations:

National Carriers, Inc.
By serving its registered agent for service of process
C T Corporation System
1999 Bryan Street, Suite 900
Dallas, TX  75201-3136
*(Clerk to issue via certified mail, return receipt requested)*

George Lewis
456 County Road 84
Lavonia, Georgia  30553
*(Return to Citation to G&Y for Service)*

Please return citations to shappney@goudarzi-young.com.  Your fees are being paid via eserve this date.  Thank you for your courtesy and cooperation in this matter.

With kindest regards,

Brent Goudarzi

BG/sh
Enclosure

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Happney on behalf of J. Goudarzi
Bar No. 00798218
shappney@goudarzi-young.com
Envelope ID: 56809493
Status as of 8/31/2021 12:42 PM CST

Associated Case Party: MICHELLEDAWNCOATS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 8/31/2021 9:53:40 AM | SENT |

# EXHIBIT 2d

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-21-03633-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**GEORGE LEWIS**
**456 COUNTY ROAD 84**
**LAVONIA GA  30553**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MICHELLE DAWN COATS; MICHAEL COATS**
*Plaintiff(s)*

**VS.**

**NATIONAL CARRIERS, INC.; GEORGE LEWIS**
*Defendant(s)*

filed in said Court on the 31st day of August, 2021, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 2nd day of September, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
    Sonya Harris



---

**ATTORNEY**

**CITATION**
**PLAINTIFFS' ORIGINAL PETITION**

**CC-21-03633-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

MICHELLE DAWN COATS;
MICHAEL COATS, *Plaintiff(s)*

**VS.**

NATIONAL CARRIERS, INC.;
GEORGE LEWIS, *Defendant(s)*

**SERVE:**
**GEORGE LEWIS**
**456 COUNTY ROAD 84**
**LAVONIA GA  30553**

**ISSUED THIS**
**2ND DAY OF SEPTEMBER, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: SONYA HARRIS, DEPUTY

Attorney for Plaintiff

BRENT GOUDARZI
3522 FOURTH STREET
LONGVIEW TX  75605
903-843-2544

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-21-03633-D   County Court at Law No. 4

MICHELLE DAWN COATS, MICHAEL COATS vs.  NATIONAL CARRIERS, INC., GEORGE LEWIS

**ADDRESS FOR SERVICE:**
456 COUNTY ROAD 84
LAVONIA GA  30553

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to GEORGE LEWIS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' ORIGINAL PETITION with the date and service at the following times and places to-wit:

**Name**                                        **Date/Time**                          **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy        $_____      _____, Officer

Total    $_____              _____, County, Texas

By:_____, Deputy

_____, Affiant